in arriving at their verdict; it did not as matter of law render their testimony incredible.

[3] Respondent claims that the holder of the policy breached the warranty that he had never sustained a loss by burglary, theft, or larceny; but, as this defense was not pleaded, it cannot be considered on the appeal.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.

---

(97 Misc. Rep. 22)

### HILL STEAMBOAT LINE v. PANAMA R. CO. et al.

(Supreme Court, Appellate Term, First Department.    October 25, 1916.)

1. INDEMNITY ⬡⟲13(1)—CARRIAGE OF GOODS—WRONGFUL DELIVERY—LIABILITY.

Where a common carrier is bound to deliver goods to the proper person, and fails to do so, it is liable to an initial carrier for the amount paid to a shipper for the loss, whether delivery to the wrong person is made because of an innocent mistake on its part or by reason of the fraud of some third party.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29, 30, 33, 34; Dec. Dig. ⬡⟲13(1).]

2. CUSTOMS AND USAGES ⬡⟲12(1)—DELIVERY TO WRONG PERSON—EFFECT.

In an initial carrier's action under Interstate Commerce Act Feb. 4, 1887, c. 104, § 20, 24 Stat. 386, as amended (U. S. Comp. St. 1913, § 8592), to recover the amount paid by it to a shipper for the loss of property through delivery to an unauthorized person, a local custom between the connecting carriers, under which the bearer of a receipted freight bill issued upon the surrender of an arrival notice was entitled to receive the goods, not known to the initial carrier, was not binding upon it.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 23; Dec. Dig. ⬡⟲12(1).]

3. INDEMNITY ⬡⟲13(1)—LOSS OF FREIGHT—CONNECTING CARRIERS—LIABILITY.

A railroad company, whose negligence in permitting a receipted freight bill entitling the bearer to a surrender of goods from a connecting carrier to be in possession of an unauthorized person, concurred in causing the first connecting carrier to make a wrongful delivery, was liable to the initial carrier in an action under Interstate Commerce Act, § 20, as amended, for the amount which it had been obliged to pay the shipper for the loss of the goods.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29, 30, 33, 34; Dec. Dig. ⬡⟲13(1).]

4. INDEMNITY ⬡⟲15(7)—LOSS OF GOODS—NEGLIGENCE OF CONNECTING CARRIERS—LIABILITY.

In such action, a presumption arose that it was lost through the last carrier's negligence, so that, where it was in no way rebutted, the direction of a verdict against it was right.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 44; Dec. Dig. ⬡⟲15(7).]

Appeal from City Court of New York, Trial Term.

Action by the Hill Steamboat Line against the Panama Railroad Company and the New York Central Railroad Company. From a directed judgment of the City Court against defendant Panama Railroad Company, dismissing as to the defendant New York Central Rail-

⬡⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

road Company (94 Misc. Rep. 118, 158 N. Y. Supp. 1084), the plaintiff and the defendant Panama Railroad Company take cross-appeals. Judgment against defendant Panama Railroad Company affirmed, and judgment in favor of the defendant New York Central Railroad Company reversed, and judgment for $741.05 directed to be entered in favor of the plaintiff against such defendant.

Argued October term, 1916, before GUY, BIJUR and SHEARN, JJ.

Stetson, Jennings & Russell (J. Howland Auchincloss, of counsel), for appellant Hill Steamboat Line.

Richard Reid Rogers, of New York City (Jacob Marx, of New York City, of counsel), for appellant Panama R. Co.

Alexander S. Lyman, of New York City (William Mann, of New York City, of counsel), for respondent.

SHEARN, J. This action between common carriers is brought under section 20 of the Interstate Commerce Act by the initial carrier to recover $581.81 paid by plaintiff in satisfaction of a judgment recovered against it by a shipper for loss of property in transit. The complaint was dismissed as against the New York Central Railroad, and judgment directed against the Panama Railroad Company, which appeals. The plaintiff also appeals from so much of the judgment as dismissed the complaint against the New York Central Railroad Company, claiming that it was entitled to judgment against both defendants.

The complaint alleged that the loss of the merchandise was caused by the negligence of both defendants, as well as by their failure to perform the contract of carriage. The goods having arrived at the freight station of the New York Central Railroad Company, that company sent to the Panama Railroad a written notice of arrival, which was turned over by the Panama Railroad to its truckman, Haring, the only truckman then in its employ for the particular kind of work involved. This notice of arrival showed certain freight charges unpaid, and it was indorsed:

"Deliver to Panama Line upon payment of charges.   Walter B. Pollock, Mgr. F. F. Dept. B."

In accordance with a well-defined and customary course of dealing between the two defendant carriers, Haring stamped the arrival notice and gave it with the money for the freight bill to an employé who presented it to the New York Central's cashier, from whom he obtained a receipted bill. On the following day the delivery clerk in the employ of the New York Central, as was the custom between the carriers, delivered the goods to some one who exhibited the receipted freight bill issued the day before by the cashier's office. The person who received these goods signed a delivery receipt for the same, signing his name as "Frank Wilson." Haring testified that he had in his employ no person of that name. That was the last heard of the goods.

[1, 2] The position of the New York Central is that whether or not the person to whom it delivered the goods was in fact the authorized agent of the Panama Railroad Company, the delivery was made in accordance with a valid, existing, and long-continued custom be-

tween the two railroads, under which the bearer of the receipted freight bill issued upon the surrender of the arrival notice was to be entitled to receive the goods, and that if in this particular case the person who presented the receipted freight bill had no authority to do so it remained for the Panama Railroad to explain how such person obtained possession of the receipted freight bill; that, as there is an entire absence of such explanation, the Panama Railroad must be held responsible for having brought about a situation whereby the New York Central innocently delivered the goods to some one who was not in fact authorized to receive them.

This contention must rest upon the custom, for it is the well-recognized duty of a common carrier to deliver the goods to the proper person, and it fails to do so at its peril, whether a delivery to the wrong person is made because of an innocent mistake on the part of the carrier or by reason of the fraud of some third party. But, as between the plaintiff and the New York Central, any local custom between the latter company and the Panama Railroad has no force. This is not a litigation between the two railroads, but is an action by an initial carrier, which had no knowledge of any such custom of the intermediate carriers in making deliveries to one another, and therefore could not be bound or in any way prejudiced by any such local custom. It appearing that the New York Central delivered the goods to a party who was not entitled to them, it is liable to the plaintiff, irrespective of any custom that might give it a claim against the Panama Railroad. Therefore error was committed in dismissing the complaint as against the New York Central Railroad Company.

[3, 4] The Panama Railroad Company was properly held liable, for its negligence concurred in causing the New York Central to make a misdelivery. This result was brought about by the failure of the Panama Railroad to retain possession of the paid freight bill. A presumption arises that it was lost through the Panama Railroad Company's negligence, just as in all cases where a bailee or carrier loses goods in its custody. This presumption was in no way rebutted, and the direction of a verdict against the Panama Railroad Company was right.

The judgment against the Panama Railroad Company is affirmed. The judgment in favor of the defendant New York Central Railroad Company is reversed, and a judgment for the sum of $741.05 is directed to be entered in favor of the plaintiff and against said defendant, with costs of appeal to the plaintiff. All concur.